UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBED ROMAN,

Petitioner,

v. CASE NO. 6:14-cv-1104-Orl-31GJK

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an amended response to the petition in compliance with this Court's instructions (Doc. 15). Petitioner filed a reply and amended reply to the response (Doc. Nos. 18 & 19). Petitioner asserts two claims for relief in his petition. As discussed hereinafter, the Court concludes that the petition is untimely and must be dismissed.

***I. Procedural History***

Petitioner was charged by information with home invasion robbery (count 1), burglary of a dwelling with an assault or a battery (count 2), aggravated battery with a firearm (counts 3 and 6), kidnapping with intent to commit a felony (counts 4, 7, 9, and 11), attempted robbery with a firearm (count 5), aggravated assault with a firearm (counts 8, 10, 13, and 16), robbery with a firearm (counts 12 and 15), and false imprisonment (counts 14 and 17). (Doc. 16 at 5-6). The trial court granted a motion for judgment of

acquittal as to counts twelve through fourteen. (Doc. 16-3 at 124-30; Doc. 16-4 at 37-38). A jury found Petitioner guilty of counts one through three, eight, sixteen, and seventeen and guilty of the lesser included offenses of false imprisonment as to counts four, seven, nine, and eleven, assault as to count ten, attempted robbery with a weapon as to count five, and battery as to count six. (Doc. 16-5 at 73-78, 88-112). The jury acquitted Petitioner of count fifteen. (Doc. 16-6 at 4). The state court sentenced Petitioner to thirty-year terms of imprisonment for counts one, two, and three, to one-year and one-day terms of imprisonment for counts four, seven, nine, and eleven, to a five-year term of imprisonment for count five, and to a ten-year term of imprisonment for counts eight and sixteen with all sentences to run concurrently. (Doc. 16-6 at 23-33). Petitioner appealed. On January 26, 1999, the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 16-7 at 1).

On February 12, 2001, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 16-7 at 5-9). The state court denied the motion on November 15, 2001. *Id.* at 12-14. Petitioner did not appeal. However, Petitioner filed a petition for belated appeal on May 13, 2004.[1] *Id.* at 16-26.

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

The Fifth DCA denied the petition on May 25, 2004. *Id*. at 28. On August 13, 2004, Petitioner filed a motion for discretionary review with the Supreme Court of Florida, which dismissed the motion for lack of jurisdiction on September 15, 2004. *Id*. at 30-37, 43.

On November 14, 2005, Petitioner filed a petition for writ of habeas corpus again seeking a belated appeal of his Rule 3.850 motion. *Id*. at 46-52. The state court denied the petition on December 9, 2005. *Id*. at 57. Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 16-8 at 20). Mandate issued on July 10, 2006. *Id*. at 32.

On August 14, 2006, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, which the state court denied on May 24, 2008. *Id*. at 34-39. Petitioner did not appeal.

On December 4, 2008, Petitioner filed a second Rule 3.800(a) motion. *Id*. at 41-46. The state court denied the motion. *Id*. at 53-54. Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 16-9 at 27). Mandate issued on December 14, 2011. *Id*. at 29.

On May 21, 2013, Petitioner filed a Motion to Treat the Motion to Correct Illegal Sentence as filed on October 11, 2011. *Id*. at 37-39. The state court denied the motion, and Petitioner appealed. *Id*. at 44. The Fifth DCA affirmed *per curiam*. *Id*. at 47. Mandate issued on October 25, 2013. *Id*. at 49.

Petitioner filed a state habeas petition on June 25, 2013. *Id*. at 51-59. The Fifth

DCA dismissed the petition on July 3, 2013. (Doc. 16-10 at 64).

Petitioner filed the instant habeas petition June 30, 2014. (Doc. 1).

## *II. Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Fifth DCA entered its order of affirmance on direct appeal from Petitioner's conviction on January 26, 1999. Petitioner then had ninety days, or

through April 26, 1999, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on April 26, 1999, and Petitioner had through April 26, 2000, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Thus, the petition filed on June 30, 2014, is untimely absent either statutory or equitable tolling.

Petitioner filed a Rule 3.850 motion on February 12, 2001, and other state post-conviction proceedings thereafter. However, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to them. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

cannot toll that period because there is no period remaining to be tolled."). Therefore, the petition was not timely filed under § 2244(d)(1)(A) because the limitation period expired on April 26, 2000, before Petitioner "properly filed" an application for post-conviction relief in the state courts.

In his Reply and Amended Reply, Petitioner argues that the Court should consider his petition in order to correct a manifest injustice. (Doc. Nos. 18 & 19 at 1, 5). Thus, Petitioner arguably attempts to assert that the one-year limitation should not bar his claims because he is actually innocent.

A showing of actual innocence may relieve habeas petitioners from the burdens imposed by § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324. A petitioner asserting actual innocence to overcome the statute of limitations "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). "Actual innocence means factual innocence, not mere

legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

Petitioner has not offered any evidence establishing his actual innocence. Consequently, he has not demonstrated that he is actually innocent of the offenses. Accordingly, the instant petition is untimely.

Petitioner also argues that equitable tolling is warranted. The Supreme Court of the United States has held that AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). The Eleventh Circuit Court of Appeals has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481-82 (11th Cir. 2014). As explained by the Eleventh

Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin,* 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez,* 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

In support of his argument for equitable tolling, Petitioner notes that his retained state post-conviction counsel failed to file his Rule 3.850 motion within one year of his conviction becoming final. (Doc. 19 at 9). Petitioner further complains that post-conviction counsel did not raise a double jeopardy claim in the Rule 3.850 motion. *Id.* at 10. Petitioner also notes that his appellate attorney failed to raise a double jeopardy claim on direct appeal from his convictions. *Id.*

Post-conviction counsel's delay in filing Petitioner's Rule 3.850 motion and failure to raise a double jeopardy issue, as well as, appellate counsel's failure to raise a double jeopardy claim are not extraordinary circumstances that prevented Petitioner from timely filing his petition. Post-conviction counsel was not required to notify Petitioner of the pending expiration of the federal one-year limitations period, particularly when counsel was not retained to represent Petitioner in filing a federal habeas petition. For the same reason, counsel's delay in filing Petitioner's Rule 3.850 motion does not qualify as an

extraordinary circumstance. Counsel timely filed Petitioner's Rule 3.850 motion under Florida law. Furthermore, even assuming counsel's failure to file Petitioner's Rule 3.850 motion within one year from the date his convictions became final entitled Petitioner to equitable tolling, more than a year expired after the Fifth DCA denied Petitioner a belated appeal from the denial of his Rule 3.850 motion on May 25, 2004, and his filing of the instant petition or any other properly filed state post-conviction proceeding.[3] Thus, Petitioner has not demonstrated either an extraordinary circumstance prevented him from timely filing his petition or that he diligently pursued his rights.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### *III. Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the

---

[3] Petitioner did file a motion for discretionary review with the Supreme Court of Florida on August 13, 2004. However, the Court dismissed the motion for lack of jurisdiction. Consequently, the motion did not toll the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 9 (2000) (noting "[i]f, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending,* but not *properly filed.*"); *McClendon v. McNeil*, No. 09-14347-CIV-GRAHAM, 2010 WL 2976557, at *3 (S.D. Fla. June 28, 2010) report and recommendation adopted, No. 09-14347-CIV-GRAHAM, 2010 WL 2976554 (S.D. Fla. July 20, 2010) (stating that the petitioner's "attempt to invoke the discretionary jurisdiction of the Florida Supreme Court is not a 'properly filed' application for state post-conviction relief pursuant to *Artuz* . . . , and therefore has no tolling effect whatever on the federal limitations period because such relief is not available under Florida law.").

Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) filed by Obed Roman is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of October, 2015.




GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 10/21
Obed Roman
Counsel of Record